IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01005-PAB-MJW

FIREMAN'S FUND INSURANCE COMPANY, a California corporation,

    Plaintiff,

v.

OBERNDORF PROPERTIES, a Colorado general partnership,
OBERNDORF PROPERTIES LTD., a Colorado limited liability company,
STEELE STREET LIMITED II, a Colorado limited partnership,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the complaint [Docket No. 1] filed by plaintiff Fireman's Fund Insurance Company ("Fireman's Fund"). Fireman's Fund states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Fireman's Fund invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 2, ¶ 5. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of defendants.

The complaint alleges that "Defendant Oberndorf Properties is a Colorado general partnership. Defendant Oberndorf Properties, Ltd. is a Colorado limited liability company. Steele Street Limited II is a Colorado limited partnership." Docket No. 1 at 2, ¶ 3. The complaint also alleges "[o]n information and belief" that "all of the partners or

2

members of [defendants] are citizens of Colorado." Id., ¶ 4. In their answer, defendants deny that all their partners or members are citizens of Colorado. Docket No. 11 at 3, ¶ 4.[1]

While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[2] these considerations are irrelevant to the determination of the citizenship of an LLC. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL

---

[1] Defendants purport to admit diversity of citizenship, Docket No. 11 at 3, ¶ 5, but this admission is irrelevant because "subject matter jurisdiction may not be waived or conferred by the consent of the parties." *Aves By & Through Aves v. Shah*, 997 F.2d 762, 767 (10th Cir. 1993) (citing *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)).

[2] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

2055206, at *2 (D. Colo. July 10, 2009); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); see also *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); cf. *Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Fireman's Fund has not identified defendants' partners or members or the citizenship of those entities. See Docket No. 1 at 2. Additionally, the complaint states its allegations about the partners and members of defendants "[o]n information and belief," but fails to provide any factual basis to support the allegations. *Id.*, ¶ 4. The Court reads Fireman's Fund's averment of the citizenship of defendants to mean that plaintiff does not have affirmative knowledge of defendants' citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. See *Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendants'] members without resorting merely to their 'information and belief' as to the same"); *Pinkard Constr. Co.*, 2009 WL 2338116, at *3 (allegations made on information and belief "mean that plaintiffs have no affirmative knowledge of a lack of diversity"); *Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or

4

trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).[3] The inadequacy of plaintiff's information and belief is demonstrated by defendants' denial that all of their members and partners are citizens of Colorado. *See* Docket No. 11 at 3, ¶ 4. The Court is therefore unable to determine the citizenship of defendants and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on July 11, 2017**, plaintiff Fireman's Fund Insurance Company shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 26, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).