IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01005-PAB-SKC

FIREMAN'S FUND INSURANCE COMPANY, a California corporation,

   Plaintiff,

v.

STEELE STREET LIMITED II, a Colorado limited partnership,

   Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Certify the Court's February 13, 2019 Order Under Federal Rule of Civil Procedure 54(b), or, Alternatively, 28 U.S.C. § 1292(b) [Docket No. 56].

This case arises out of an insurance dispute.[1] The insurance policy in question, issued by plaintiff, covers "direct physical loss of or damage to" a commercial building at 250 Steele Street in Denver, Colorado. Docket No. 55 at 1. The policy contains an appraisal provision. *Id*. at 1-2. Defendant made a claim under the policy for damage allegedly caused by a hailstorm. *Id*. at 2. Among the damages claimed was damage to the building's brick facade, including flaking of the bricks (the "brick claim"). *Id*. Plaintiff issued payment for some damage caused to the building, but did not make any payment for the brick claim. *Id*.

---

[1] A more detailed recitation of the background of this case can be found in the Court's February 13, 2019 order. *See* Docket No. 55 at 1-3.

On April 21, 2017, plaintiff filed this lawsuit. Docket No. 1. Plaintiff's sole claim for relief is for a declaratory judgment that the brick claim is not included within the appraisal provision of the insurance policy, that defendant is not entitled to an appraisal of the brick claim under the insurance policy, and that plaintiff is not obligated to participate in an appraisal of the brick claim under the insurance policy. *Id*. at 9, ¶ 64. In its answer, defendant asserted five counterclaims: (1) enforcement of the policy's appraisal provision; (2) breach of contract; (3) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and 1116; (4) common law bad faith; and (5) a declaratory judgment that defendant is excused from appearing at an examination under oath. Docket No. 11 at 20-27, ¶¶ 19-49.

The parties filed cross-motions for partial summary judgment. Plaintiff asked the Court to declare that the brick flaking is not "direct physical loss" or "damage" within the meaning of the policy and therefore is not subject to appraisal. Docket No. 35 at 6-8. Defendant asked the Court to determine the opposite and to stay all proceedings pending the completion of the appraisal process. Docket No. 43 at 13. On February 13, 2019, the Court entered an order (the "Order") resolving the parties' cross-motions for summary judgment. Docket No. 55. As relevant here, the Court concluded that "the insurance contract requires the parties to participate in an appraisal of the loss on the brick claim," and denied plaintiff's motion for partial summary judgment on that basis. *Id*. at 7.[2] The Court administratively closed the case pending completion of the

---

[2] The Court also concluded that the first breach doctrine did not excuse defendant from appearing at an examination under oath. Docket No. 55 at 7-9. Plaintiff does not seek to appeal this holding. Docket No. 71 at 2 n.1.

2

appraisal process. *Id*. at 9-10.

On February 22, 2019, plaintiff filed this motion. Plaintiff requests that the Court certify the Order as a "final judgment" pursuant to Fed. R. Civ. P. 54(b). Docket No. 56. In the alternative, plaintiff requests that the Court certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *Id*. Defendant opposes the motion. Docket No. 67.[3]

Plaintiff asks the Court to consider two alternative grounds for permitting an appeal: Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b). Only one ground can apply, because Rule 54(b) and § 1292(b) "address two different situations." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003) (citing 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure* § 2658.2 (3d ed. 1998)). Section 1292(b) applies "only to orders that would be considered interlocutory even if presented in a simple single-claim, two-party case," while Rule 54(b) applies only to orders that would be considered "final" for purposes of 28 U.S.C. § 1291 if presented in an action having the same limited dimensions. *See* 10 Wright, Miller, and Kane, *Fed. Prac. & Proc.* § 2658.2 (4th ed. April 2019 update). A decision is final for purposes of § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *McClendon v. City of Albuquerque*, 630 F.3d 1288, 1292 (10th Cir. 2011) (citing *Catlin*). If this action were limited to the claims that were the subject of the

---

[3] On March 13, 2019, plaintiff filed a notice of appeal on the basis that the order constitutes an "injunction" that is appealable as a matter of right pursuant to 28 U.S.C. § 1291(a)(1). Docket No. 57. The Tenth Circuit has tolled briefing on the merits of the appeal pending this Court's order on the instant motion. Docket No. 70.

Order – plaintiff's declaratory judgment claim and defendant's first and fifth counterclaims – the Order would be considered final for purposes of § 1291. The Order determined that plaintiff was required to participate in the appraisal process, enforced the appraisal provision against plaintiff, and found that defendant was required to appear at an examination under oath. *See* Docket No. 55. The Order is therefore final with respect to plaintiff's declaratory judgment claim and defendant's first and fifth counterclaims because, if the action were limited to those claims, there would be nothing remaining for the Court to do with those claims but to execute the judgment. Thus, § 1292(b) does not apply, and the Court turns to the Rule 54(b) analysis.

Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multiclaim case when "there is no just reason for delay." Fed. R. Civ. P. 54(b). In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). To be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[ ] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative

interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

The parties dispute whether the Order constitutes "a final decision on at least one claim" for purposes of Rule 54(b). *See Jordan*, 425 F.3d at 826; Docket No. 56 at 3-6; Docket No. 67 at 5-6. However, even assuming *arguendo* that the Order is a final judgment, plaintiff has failed to show that the balance of equities favors certification. Plaintiff argues that administrative interests weigh in favor of an immediate appeal because it is more efficient to address the appraisal issue before the appraisal occurs. *See* Docket No. 56 at 7. Plaintiff, however, does not explain how an immediate appeal would be more efficient for the Tenth Circuit. The remaining claims in this lawsuit relate to plaintiff's alleged failure to perform under the terms of the insurance policy in determining the amount of loss, which necessarily incorporate the appraisal issue. If the Court certified the Order pursuant to Rule 54(b), the Tenth Circuit would likely hear two appeals regardless of how it ruled on the appraisal issue. The remaining claims would not be mooted by either a favorable or unfavorable ruling on the first appeal, and either party would be free to take a second appeal upon resolution of the remaining claims. This is not a situation where a favorable result to plaintiff on appeal would effectively resolve the entire case or a related proceeding. *Cf. United Bank of Pueblo v. Hartford Accident and Indem. Co.*, 529 F.2d 490, 493 (10th Cir. 1976) (certification appropriate where reversal of the trial court's finding would moot a third-party action).

Plaintiff makes much of the Court's decision to stay proceedings pending completion of the appraisal. *See* Docket No. 56 at 5 (arguing that the stay is an

5

"effective bifurcation" of the action). The Court concluded that a stay was appropriate because it would be more efficient to complete the appraisal process and "resolve key factual issues" before proceeding with discovery. See Docket No. 55 at 9. The Court did not stay the action for the purpose of further litigating whether the appraisal is required at all. Finally, plaintiff suggests that certification is appropriate from the administrative perspective because "[t]he Tenth Circuit should be given an opportunity either to interpret [*Ins. Co. of N.A. v. Baker*, 268 P. 585 (Colo. 1928),] or decide how the Colorado Supreme Court would rule on the issue." See Docket No. 71 at 7. This argument is not persuasive. The purpose of Rule 54(b) is not to give the circuit court "an opportunity" to rule on a question of law whenever a party thinks that question particularly important. This Court not certifying an immediate appeal does not preclude the Tenth Circuit from reaching plaintiff's argument on an appeal taken at the conclusion of this case and is consistent with the Tenth Circuit's expressed policy against piecemeal review. See *Stockman's Water*, 425 F.3d at 1265.

Given the administrative interests weighing against a piecemeal appeal, the Court turns to plaintiff's interests in order to determine whether they overcome the administrative interests. Plaintiff argues that continuing with the litigation will lead to an "indefinite" delay in resolving its questions related to the scope and right of an appraisal, which would "greatly prejudice [p]laintiff." See Docket No. 56 at 6. However, plaintiff does not explain the nature or extent of the prejudice. See *id*. The Court is also mindful that, as defendant points out, it may suffer equal or greater prejudice by the certification of a piecemeal appeal that would delay resolution of its amount of loss – a

concrete financial interest. *See* Docket No. 67 at 7 (noting that the damage at issue occurred approximately four years ago).

Given the "strong federal policy against piecemeal review," the fact that an appeal of the order would not lead to a resolution of the remaining counterclaims, and no showing by plaintiff that it would an undue hardship, the Court finds that the equities do not weigh in favor of certifying the order as final. *See* 10 Wright, Miller, and Kane, *Fed. Prac. & Proc.* § 2659; *Stockman's Water*, 425 F.3d at 1265; *see also Okla. Turnpike*, 259 F.3d at 1242 ("[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." (quotations omitted)). It is therefore

**ORDERED** that Plaintiff's Motion to Certify the Court's February 13, 2019 Order Under Federal Rule of Civil Procedure 54(b), or, Alternatively, 28 U.S.C. § 1292(b) [Docket No. 56] is **DENIED**.

DATED August 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge