IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01005-PAB-SKC

FIREMAN'S FUND INSURANCE COMPANY, a California corporation,

    Plaintiff,

v.

STEELE STREET LIMITED II, a Colorado limited partnership,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff Fireman's Fund Insurance Company's Motion to Reopen Case [Docket No. 78]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Court finds that Fireman's Fund Insurance Company has shown good cause to reopen the case.

**I. BACKGROUND**

This case arises out of an insurance dispute related to a hailstorm in 2015. Docket No. 1 at 6 ¶ 18. Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") initiated this action against defendant Steele Street Unlimited II ("Steele Street") on April 21, 2017, seeking a declaratory judgment that it was not required to undergo an appraisal process before denying Steele Street's claims. *Id.* at 1–2. Fireman's Fund argued that appraisal was not required because the dispute was not over the "amount of loss" caused by the hailstorm, but whether the loss was covered under the insurance policy. Docket No. 35 at 6–8. On February 13, 2019, the Court ruled on the parties'

cross motions for summary judgment on the appraisal issue.  Docket No. 55.  The Court determined that, in order to reach its conclusion that no "physical loss" or "damage" occurred under the policy, Fireman's Fund made a causation determination – whether the hailstorm caused flaking or other damage to the brick facade.  *Id.* at 6.  This causation analysis was of the type contemplated by the appraisal process and Fireman's Fund was therefore required to participate in an appraisal.  *Id.*  The Court also determined that Steele Street was required to submit to an Examination Under Oath ("EUO") at the request of Fireman's Fund.  *Id.* at 8.  Fireman's Fund appealed the Court's order on the cross motions for summary judgment, Docket No. 57. The Tenth Circuit affirmed the Court's ruling on January 5, 2022.  Docket No. 76.

On January 26, 2022, counsel for Fireman's Fund sent counsel for Steele Street a notice that it would like to schedule Steele Street's EUO.  Docket No. 78 at 2.  Fireman's Fund followed up with a letter requesting documents related to the appraisal process on June 9, 2022.  Docket No. 79 at 2.  Fireman's Fund received no response its notice or letter.  *Id.* at 3.  One year later, Fireman's Fund notified Steele Street that it would seek a motion to reopen this case, citing Steele Street's noncooperation and delay.  Docket No. 79-1 at 4.  On June 20, 2023, Steele Street sent Fireman's Fund possible dates for an EUO.  *Id.* at 2.  Fireman's Fund seeks to reopen the case so that it may file a dispositive motion.[1]

## II.   DISCUSSION

---

[1] To the extent that Fireman's Fund ask for permission to file a particular motion, the Court declines to address the issue.  Rather, the parties should seek leave to file any dispositive motion so that a briefing schedule may be established.

2

A district judge may order that a civil action be administratively closed, subject to reopening for good cause. D.C.COLO.LCivR 41.2. "Use of the administrative-closure mechanism allows district courts 'to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending).'" *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (unpublished) (citing *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)). Administrative closure is a way for the court to manage its docket by "shelving pending, but dormant, cases without a final adjudication." *Shat Acres Highland Cattle, LLC v. Am. Highland Cattle Ass'n*, No. 21-cv-01348-WJM-NYW, 2021 WL 5067034, at *1 (D. Colo. July 21, 2021) (alternations and quotations omitted) (citing *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999)). The good cause standard is not "onerous." *Patterson*, 631 F. App'x at 534. "[G]ood cause to reopen exists where the parties wish to litigate the remaining issues that have become ripe for review." *Id.* (citation and quotations omitted).

Reopening of an administratively closed case is often sought after the parallel process for which the case was closed as been completed. *Id.* Issues may have been further developed by this process, making them ripe for judicial review. *Id.* In the instant case, the grounds for reopening are not that the parties have completed the appraisal process. Instead, Fireman's Fund claims that Steele Street has not cooperated in setting an EUO. The Court finds that the year and a half long delay between Fireman's Fund first pursuing an EOU and Steele Street's proposal of EOU

3

dates serves as good cause to reopen the case. Therefore, the Court grants Fireman's Fund's motion to reopen.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff Fireman's Fund Insurance Company's Motion to Reopen Case [Docket No. 78] is **GRANTED**. It is further

**ORDERED** that this case shall be reopened.

DATED October 25, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge